UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2579(DSD/TNL)

United States of America,

        Plaintiff,

v.                                    **ORDER**

David W. Beissel; Constance W.
Beissel; Theresa Andersen; Allen
Anderson0 Richard Beissel;
Catherine Steinhibel; Daniel
Beissel; Mary Beissel; Kurt
Seleski; Lisa Seleski; Dana
Seleski; Wells Fargo Bank, N.A.;
and Minnesota Department of
Revenue,

        Defendants.

    Erin Lindgren, U.S. Department of Justice, Tax Division, P.O. Box 7238, Washington, D.C., 20044, counsel for plaintiff.

    Eric W. Johnson, Esq., U.S. Bank Building, 101 East Fifth Street, Suite 910, St. Paul, MN 55101, counsel for defendants Beissel.

This matter is before the court upon the motion for relief from judgment by defendants David W. Beissel and Constance W. Beissel. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

This tax dispute arises out of the nonpayment of income tax by David Beissel.[1] Beissel did not file income tax returns between 2002 and 2006. Kampschroer Decl. ¶ 4. In response, the IRS sent a notice of non-filing and informed Beissel that, unless he submitted the returns, the IRS would calculate his tax liability. Olson Decl. ¶¶ 4-8. The IRS determined Beissel's tax liability for the missing years and sent a notice of assessment, informing him of his right to challenge the substitute returns in tax court. Id.; Kampschroer Decl. ¶ 4.

On December 3, 2009, the IRS sent David Beissel a notice of intent to levy, informing him that "[i]f you don't pay the amount you owe, make alternative arrangements to pay, or request an Appeals hearing within 30 days ..., we may take collection action against your property, or rights to property, such as real estate, automobiles, business assets, banks accounts, and other income." Olson Decl. Ex. A., at 00072. Communication between the Beissels and the IRS continued for over a year. On January 13, 2011, the IRS informed the Beissels that it intended to pursue a foreclosure action. Id. Ex. C.

---

[1] The dispute arises out of David Beissel's tax liability, but Constance Beissel is a co-owner of the property at issue. D. Beissel Aff. ¶ 5.

2

On September 8, 2011, the government filed the instant complaint.[2] Constance Beissel waived service on October 5, 2011, and David Beissel was served on October 15, 2011. The clerk entered default against David and Constance Beissel on November 10, 2011, and January 12, 2012, respectively. On May 14, 2012, the court entered a default judgment against Constance Beissel and amended a previous default judgment against David Beissel.[3] The court issued an order of sale of the Beissels' home on May 25, 2012. On November 16, 2012, the Beissels moved for relief from judgment.

**DISCUSSION**

**I. Standard**

"[R]elief from a default judgment requires a stronger showing of excuse than relief from a mere default order." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (citations and internal quotation marks omitted). A court may set aside a default judgment under Rule 60(b), but such relief "is an

---

[2] In addition to David and Constance Beissel, the government named Theresa Andersen, Allen Anderson, Richard Beissel, Catherine Steinhibel, Daniel Beissel, Mary Beissel, Kurt Seleski, Lisa Seleski, Dana Seleski, Wells Fargo Bank, N.A. and the Minnesota Department of Revenue as defendants. All defendants other than David and Constance Beissel have been dismissed from the action. See ECF Nos. 6, 10, 21.

[3] The court previously entered default judgment against David Beissel on January 9, 2012. See ECF No. 14.

3

extraordinary remedy and will be justified only under extraordinary circumstances."  Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (citations and internal quotation marks omitted).

The court may relieve a party from a final judgment based on excusable neglect.  Fed. R. Civ. P. 60(b).[4]  "Whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission."  Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) (citation and internal quotation marks omitted).  The court considers the danger of prejudice to the non-moving party, the length of and reason for the delay, the potential impact on judicial proceedings, whether the movant acted in good faith and whether the movant has a meritorious defense to the judgment. Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782-83 (8th Cir. 2001).

**II. Length of and Reason for Delay**

The Beissels argue that their failure to respond to the proceedings amounts to excusable neglect.  Central to the excusable neglect analysis is the blameworthiness of the defaulting party. Johnson, 140 F.3d at 784; see also Feeney v. AT&E, Inc., 472 F.3d

---

[4] The court may also relieve a party from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The Beissels do not argue for relief under Rule 60(b)(6), and the court concludes that there are no additional reasons that justify relief.

4

560, 563 (8th Cir. 2006) (noting that reason for delay is the most important factor in the analysis). There can be no excusable neglect, however, when a party consciously chooses to ignore ongoing litigation. See Hall v. T.J. Cinnamon's, Inc., 121 F.3d 434, 435 (8th Cir. 1997) ("Despite its knowledge of both the underlying lawsuit and the request for default judgment, [defendant] watched the litigation from afar for over seven months, apparently without any intention of entering an appearance or defending the action."). Here, the Beissels were given ample notice of the lawsuit - each was served with the complaint and received copies of documents from all proceedings - but completely ignored the litigation. See ECF Nos. 3, 4.

The Beissels respond that they are unsophisticated and do not understand financial or legal matters. Ignorance of court rules, however, does not constitute excusable neglect. See Ceridian, 212 F.3d at 403. Further, the summonses informing the Beissels of the consequences of failure to respond were phrased in easy-to-understand language. See, e.g., ECF No. 3 ("A lawsuit has been filed against you ... If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint."). Moreover, the Beissels were warned repeatedly by IRS

agents that a lawsuit would be filed if they did not comply with the IRS.[5]  See Olson Decl. Ex. C.

The delay of several months between the entry of the default judgment and the filing of the instant motion further weighs against granting relief from the default judgment.  See, e.g., Progress Rail, 256 F.3d at 783 (excusing default when defendant filed motion to set judgment aside "only three weeks after it had notice of the default").  After considering the circumstances surrounding the default judgment, the court concludes that the length of and reason for the delay counsels against granting the motion.

**III. Meritorious Defense**

The Beissels next argue that they have a meritorious defense, as they allege that their actual tax liability is much less than the default judgment amount of $782,508.  The Beissels, however, have adduced no evidence of their actual tax liability.  Instead, they summarily argue that a "self-employed house painter does not plausibly generate the tax liability claimed by the United States." Defs.' Mem. Supp. 3.  These bald allegations, "without the support

---

[5] Additionally, the Beissels argue that "[a]t no point were [they] represented by counsel."  The Beissels' pro se status, however, does not weigh in favor of granting relief.  See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (analyzing default judgment standard and noting "pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure" (citations omitted)).

6

of facts underlying the defense, will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists." Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008) (citation and internal quotation marks omitted). As a result, no meritorious defense is before the court, and this argument is unavailing.

In sum, the Beissels point to no exceptional circumstances that merit the extraordinary relief sought. Therefore, the motion for relief from judgment is denied.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion for relief from judgment [ECF No. 36] is denied.

Dated: April 4, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court